# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| XAVIER HERSOM and JOHN DOE, | |
| Plaintiffs, | |
| v. | Civil Action No.:  2:21-cv-00450 |
| BILL J. CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; AYNE AMJAD, in her official capacity as Commissioner for the West Virginia Department of Health and Human Resources, Bureau of Public Health, and State Health Officer; and MATTHEW WICKERT, in his official capacity as the State Registrar for Vital Statistics, | |
| Defendants. | |

## PLAINTIFF JOHN DOE'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY AND BRIEF IN SUPPORT

Plaintiff John Doe, through his undersigned counsel, respectfully moves this Court for an order permitting him to bring this action anonymously to protect his identity from public disclosure. Plaintiff submits the following brief in support of his motion.

## BRIEF IN SUPPORT

Plaintiff John Doe is a transgender man challenging the constitutionality of the West Virginia Department of Health and Human Resources policies of i) refusing to issue gender marker corrections for transgender people and ii) refusing to issue a transgender person a birth certificate without revealing a person's transgender status through indications of amendments. He seeks an order of protection and leave to proceed anonymously because disclosure of his identity, including his transgender status, exposes him to serious risk of harm.

As a transgender man, Plaintiff is a member of a stigmatized group that frequently encounters discrimination, verbal abuse, and even violent physical assault including murder. His transgender status is highly personal, private information that implicitly reveals sensitive medical information. As Plaintiff alleges in his complaint challenging the Department of Health and Human Resources' policies of i) refusing to issue gender marker corrections for transgender people and ii) refusing to issue a transgender person a birth certificate without revealing a person's transgender status through indications of amendments, any forced disclosure of his transgender status violates his constitutional right to privacy precisely because such information is both deeply personal and exposes him to the possibility of significant harm. Requiring Plaintiff to disclose his identity in court records to vindicate his constitutional rights, including privacy, could subject him to the very harm he seeks to prevent through this litigation.

Plaintiff has no objection to providing his legal name to Defendants and this Court, but requests that the Court enter a protective order barring further dissemination of his name and requiring that any documents containing his name or other identifying information be filed under seal. Granting Plaintiff's motion will not prejudice the Defendants' ability to defend this litigation. Additionally, Plaintiff's substantial privacy interests outweigh the public interest in knowing his identity. A proposed protective order is attached to this motion.

## ARGUMENT

Although a complaint must usually state the names of all parties, Fed. R. Civ. P. 10(a), "under appropriate circumstances anonymity may, as a matter of [trial court] discretion, be permitted." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). This Court may excuse a plaintiff from filing under his own name if it finds that his privacy interests outweigh the typical presumption of keeping judicial proceedings open, and if it finds that allowing anonymity will

2

not prejudice the defendants' ability to present a full defense. *Id.* at 240. In addition, this Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a plaintiff's motion and for good cause shown. Fed. R. Civ. P. 26(c). Here, Plaintiff has good cause for the protective order he seeks. Failure to enter such an order will not only result in the public dissemination of his highly sensitive personal and medical information, it also puts him at substantial risk of discrimination, harassment, and physical violence.

The Fourth Circuit has identified several factors for courts to consider in determining whether a plaintiff may proceed anonymously. *James*, 6 F.3d at 238. These factors include: (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party"; (3) "whether the action is against a governmental or private party"; and (4) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.*[1] All of these factors strongly weigh in favor of granting Plaintiff's motion.

First, this Court should permit the Plaintiff to proceed anonymously because the subject matter of the lawsuit will certainly reveal "sensitive and highly personal" information about

---

[1] The other *James* factor concerning plaintiff privacy is whether the plaintiff is a child. This is not relevant here. Satisfying all of the James factors is not required for this court to grant Plaintiff's motion for anonymity. The Fourth Circuit instructs trial courts to consider "all the circumstances of the case" before deciding whether to allow a plaintiff to proceed anonymously. This Court has granted anonymity based on three *James* factors alone. *See W.M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *2 (S.D. W. Va. Mar. 26, 2020) (finding three of the *James* factors met and allowing anonymity in a wrongful termination suit that centered on plaintiff's failed drug test).

Plaintiff including his transgender status, his body, and his medical history. Such information is at least as "sensitive and highly personal" as, for example, improperly disclosed drug test results, the protection of which this Court has previously found warranted anonymity. *W.M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *2 (S.D. W. Va. Mar. 26, 2020).

Courts have long recognized that a person's transgender status is deeply private and sensitive information that warrants granting a request to proceed anonymously. As the Second Circuit has explained: "[t]he excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999); *see K.L. v. State*, No. 3AN-11-05431 CI, 2012 WL 2685183, at *6 (Alaska Super. Ct. Mar. 12, 2012) ("The Court agrees that one's transgender[] status is private, sensitive personal information" and "is entitled to protection"); *see also Arroyo v. Rossello*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (internal quotation marks omitted) ("[T]here are few areas which more closely intimate facts of a personal nature than one's transgender status"); *Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) (internal quotation marks omitted) (permitting a transgender individual to proceed by pseudonym upon finding that the individual's transgender status "certainly qualifies as information of the utmost intimacy"); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992) (granting a transgender litigant's request for a pseudonym  because, "[a]s a transsexual, plaintiff's privacy interest is both precious and fragile").

Second, the Court should allow Plaintiff Doe to proceed anonymously because persons publicly identified as transgender in any context are at risk of being subjected to hostility, harassment, and physical injury. As the Fourth Circuit has stated: "[T]here is no doubt that transgender individuals historically have been subjected to discrimination on the basis of their

4

gender identity, including high rates of violence and discrimination." *Grimm v. Gloucester Cty. Sch. Bd.*, 972 F.3d 586, 611 (4th Cir. 2020) (quoting *Grimm v. Gloucester Cty. Sch. Bd.*, 302 F. Supp. 3d 730, 749 (E.D. Va. 2018)).

Other courts have similarly recognized the historic and ongoing hostility and violence directed at transgender people because of their transgender status. *See, e.g.*, *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *M.A.B. v. Bd. of Educ. of Talbot Cty.*, 286 F. Supp. 3d 704, 720 (D. Md. 2018) (noting that transgender individuals suffer "very high rates of violence" due to their status); *Adkins v. City of New York*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015) ("[T]ransgender people have suffered a history of persecution and discrimination."); *Phillips v. Cane*, No. C13-596 RSM, 2013 WL 4049047, at *6 (W.D. Wash. Aug. 9, 2013) (finding that putting a transgender lawyer's personal information in the pleadings, including her name prior to gender reassignment, subjected her to an increased risk of physical danger and harassment); *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (N.Y. Sup. Ct. 2009) (finding numerous documented instances of transgender individuals being targets of violence); *Brocksmith v. United States*, 99 A.3d 690, 698 n.8 (D.C. 2014) ("The hostility and discrimination that transgender individuals face in our society today is well-documented."); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that disclosure of transgender status "creates a very real threat to Plaintiffs' personal security and bodily integrity").

Because of the stigma that transgender people experience and the risks they face based on their transgender status, courts regularly allow transgender plaintiffs to proceed under pseudonyms. *See, e.g., Bd. Of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No.

2:16-cv-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (allowing minor transgender plaintiff to proceed as John Doe, recognizing "courts have allowed non-minor transgender plaintiffs to proceed anonymously due to the social stigma associated with their gender identity" and collecting cases); *Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) (finding that the transgender plaintiff was "justified" in her fear of being harmed by someone who learns that she is transgender and taking judicial notice of "the increased threat of violence to which transgender individuals are exposed"); *Ray v. Dir., Ohio Dep't of Health*, 2:18-CV-272, 2018 WL 8804858, at *1 (S.D. Ohio April 5, 2018) (noting that transgender people of all ages are "susceptible to retaliation, harassment, and social stigma due to their gender identity").

Plaintiff Doe is a member of an extremely vulnerable community, and if his identity (and thereby his transgender status) is revealed, he is likely to experience harm ranging from harassment and other discrimination to physical violence. Plaintiff intends to attend college in the fall, where he will meet an entirely new group of peers, and he fears that he will be harassed and even physically attacked by peers that learn of his transgender status as a result of this lawsuit and who harbor animosity towards transgender individuals.

Plaintiff has already personally experienced harassment by high school classmates when they discovered he is transgender after physiological changes resulting from hormone therapy became apparent. The verbal and physical harassment was so severe that he dropped out of extracurricular activities and elective courses he had enjoyed for years. Plaintiff Doe's experience is a tragically common one for transgender people in schools. In fact, the Fourth Circuit has noted that "[t]ransgender people frequently experience harassment in places such as

schools [and] . . . are more likely to be the victim of violent crimes." *Grimm*, 972 F.3d at 612 (citations omitted).

Discrimination, and violence against transgender people have a long history, and have shown signs of increasing in past years. According to The Harris Poll, U.S. attitudes toward LGBT people became less accepting in 2018.[2] In 2017, the National Coalition of Anti-Violence Programs recorded the highest number of anti-LGBT (lesbian, gay, bisexual, and transgender) homicides in their twenty-year history, an 86% increase from 2016.[3] Thus, the risk of disclosure places Plaintiff Doe at risk of serious physical danger and a protective order is necessary to safeguard not just his privacy, but also his safety. Third, the Court should grant this motion because Plaintiff is challenging government policies and Defendants are all government actors. This Court has previously recognized that, "[w]hen a plaintiff challenges the government or government activity, courts are more like[ly]to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *W.M. v. Braskem Am. Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *2 n.2 (S.D. W. Va. Mar. 26, 2020) (internal quotation marks omitted). The very injuries that Plaintiff alleges in his complaint, caused by the State Defendants policies of i) refuing to issue gender marker changes for transgender people and ii) refusing to issue a transgender person a birth certificate without revealing a person's transgender status through indications of amendments, are based on West Virginia's forced disclosure of his transgender status and assigned sex at birth, which puts him at risk. The remedy he seeks in his complaint is an order from this Court requiring the state to correct the gender marker on his birth

---

[2] GLAAD, *Accelerating Acceptance 2018: Executive Summary*, (2018), http://bit.ly/2nKJ9Dd.
[3] Emily Waters et al., *A Crisis of Hate: A Report on Lesbian, Gay, Bisexual, Transgender, and Queer Hate Violence Homicides in 2017*, Nat'l Coal. Of Anti-Violence Programs 1, 6 (2018), https://avp.org/wp-content/uploads/2018/01/a-crisis-of-hate-january-release.pdf.

certificate and amend the information on his birth certificate in a manner that does not disclose his transgender status, thus substantially lessening his risk of harm. To deny him the ability to proceed anonymously thus makes public that which he seeks to keep private.

Fourth, the Court should grant this motion because allowing Plaintiff to proceed anonymously does not prejudice the Defendants. Plaintiff Doe merely seeks an order that would limit disclosure of his personal information to the public, however he is willing to disclose his identity to Defendants provided a protective order is in place. Thus, the proposed protective order would not hamper the Defendants' ability to present a full defense. As this Court said in *Braskem America*, "it is difficult to imagine how Defendant[s] would be prejudiced by Plaintiff's anonymity" when they already know his identity. *W.M. v. Braskem Am. Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *2 (S.D. W. Va. Mar. 26, 2020) (finding Defendant's knowledge of Plaintiff's identity "decisive" in granting anonymity).

## CONCLUSION

Plaintiff's interest in maintaining privacy and avoiding harassment, other discrimination, and violence, significantly outweigh any public interest in knowing his identity, and a protective order would not prejudice Defendants' ability to defend themselves. John Doe therefore respectfully moves this Court to grant his motion and enter the Proposed Order provided as Exhibit A to Plaintiff's motion.

\*\*\*

Dated: August 12, 2021

Respectfully submitted,

By: */s/ Loree Stark*

Taylor Brown*
Leslie Cooper*
Malita Picasso*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Phone: (212) 549-2569
tbrown@aclu.org
lcooper@aclu.org
mpicasso@aclu.org

Loree Stark (Bar No. 12936)
AMERICAN CIVIL LIBERTIES UNION OF
WEST VIRGINIA FOUNDATION
P.O. Box 3952
Charleston, WV 25339-3952
Phone: (914) 393-4614
lstark@acluwv.org

Alex Chen*
HARVARD LAW SCHOOL LGBTQ+
ADVOCACY CLINIC
122 Boylston St.
Jamaica Plain, MA 02130
Phone: (617) 390-2656
achen@law.harvard.edu

* *Statements of Visiting Attorneys*
*Forthcoming*

*Attorneys for Plaintiffs*