IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

XAVIER HERSOM and JOHN DOE,

    *Plaintiff*,

vs.

BILL J. CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; AYNE AMJAD, in her official capacity as Commissioner for the West Virginia Department of Health and Human Resources, Bureau of Public Health, and State Health Officer; and MATTHEW WICKERT, in his official capacity as the State Registrar for Vital Statistics,

    *Defendants*.

Civil Action No. 2:21-cv-00450
Hon. Joseph R. Goodwin

JURY DEMAND ENDORSED HEREIN

## ANSWER TO COMPLAINT

The Defendants, Bill J. Crouch, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; Ayne Amjad, in her official capacity as Commissioner for the West Virginia Department of Health and Human Resources, Bureau of Public Health, and State Health Officer; and Matthew Wickert, in his official capacity as the State Registrar for Vital Statistics (collectively the "Defendants"), by counsel, submits the following answer and affirmative defenses to the Complaint (Doc. 1). Any allegation made by Complaint that has not been expressly admitted within this Answer is denied. To the extent any section heading or subheading in the Complaint is not deemed to be purely for the purpose of organization and, instead, is deemed a factual allegation, all such headings and subheadings are denied.

## NATURE OF ACTION

1.    The Defendants lack sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

2.	In response to Paragraph 2 of the Complaint, Defendants admit that accurate and verifiable identification documentation, like a state-issued identification card, is important and utilized by many private and public sectors actors for many purposes.  The Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 2 and on that basis denies those allegations.

3.	In response to Paragraph 3 of the Complaint, the Defendants assert that birth certificates are issued in accordance with applicable state law.  Any remaining allegations of Paragraph 3 include legal conclusions to which the Defendants are not required to respond.

4.	In response to Paragraph 4 of the Complaint, the Defendants assert that changes to vital statistics documents are made in accordance with applicable state law.  Any remaining allegations of Paragraph 3 includes legal conclusions to which the Defendants are not required to respond.

5.	The allegations set forth in Paragraph 5 of the Complaint include legal conclusions to which the Defendants are not required to respond.  To the extent any of these allegations are construed as factual in nature, the Defendants lack sufficient information to admit or deny such allegations and on that basis denies those allegations.

6.	In response to Paragraph 6 of the Complaint, the Defendants assert that changes to vital statistics documents are made in accordance with applicable state law.  Any remaining allegations of Paragraph 6 include legal conclusions to which the Defendants are not required to respond.  To the extent any of these allegations are construed as factual in nature, the Defendants lack sufficient information to admit or deny such allegations and on that basis denies those allegations.

7.	The allegations set forth in Paragraph 7 of the Complaint include legal conclusions to which the Defendants are not required to respond.  To the extent any of these allegations are construed as factual in nature, the Defendants lack sufficient information to admit or deny such allegations and on that basis denies those allegations.

8. The allegations set forth in Paragraph 8 of the Complaint are legal conclusions to which the Defendants are not required to respond. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint sets forth a legal conclusion to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

10. In response to Paragraph 10 of the Complaint, the United States Code speaks for itself.

11. In response to Paragraph 11 of the Complaint, the Defendants admit that the Southern District of West Virginia is a proper venue.

12. Paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required. Answering further, the Defendants assert that the various Defendants, as agencies of the State of West Virginia, are located in West Virginia. To the extent any of the allegations of Paragraph 12 are construed as factual in nature, the Defendants deny them.

## PARTIES

13. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 13 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

14. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

15. In response to Paragraph 15, the Defendants admit that Bill J. Crouch is the Cabinet Secretary of the Department of Health and Human Resources and that Plaintiff has sued Defendant Crouch in his official capacity.

16. In response to Paragraph 16, the Defendants admit that Ayne Amjad, MD, MPH, is the Commissioner of the Department of Health and Human Resources' Bureau of Public Health and that Plaintiff has sued Defendant Amjad in her official capacity. Answering further, the Defendants aver that W. Va. Code §§ 16-1-6, 16-5-2, and 16-5-4 speak for themselves.

17. In response to Paragraph 17, the Defendants admit that Matthew Wickert is the State Registrar of Vital Statistics and that Plaintiff has sued Defendant Wickert in his official capacity. Answering further, the Defendants aver that W. Va. Code § 16-5-5 speaks for itself.

## FACTS

18. The Defendants admit that a transgender person generally is an individual who has a gender identity that does not align with their sex as determined at birth.

19. The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 19 of the Complaint, and on that basis denies those allegations.

20. The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 20 of the Complaint, and on that basis denies those allegations.

21. In response to Paragraph 21, the Defendants admit that sex designation usually occurs at birth based on a visual assessment of the infant's external genitalia. Answering further, the Defendants lack sufficient information to admit or deny the remaining myriad elements of the allegations in Paragraph 21, and on that basis denies those allegations.

22. The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 22 of the Complaint, and on that basis denies those allegations.

23.     The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 23 of the Complaint, and on that basis denies those allegations.

24.     The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 24 of the Complaint, and on that basis denies those allegations.

25.     The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 25 of the Complaint, and on that basis denies those allegations.

26.     The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 26 of the Complaint, and on that basis denies those allegations.

27.     The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 27 of the Complaint, and on that basis denies those allegations.

28.     The Defendants admit that a birth certificate is a government-issued document for which copies can be issued to the person named on the certificate and utilized by some public sector actors for specific purposes.  Answering further, the Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 28 of the Complaint and on that basis denies those allegations.

29.     In response to Paragraph 29, the Defendants admit that all individuals need the same access to birth certificates.  Answering further, the Defendants assert that West Virginia birth certificates are available to the individual named thereon under state law, and state law provides a process by which vital statistics documents may be amended.

30. The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 30 of the Complaint, and on that basis denies those allegations.

31. The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 31 of the Complaint, and on that basis denies those allegations.

32. The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 32 of the Complaint, and on that basis denies those allegations.

33. The Defendants lack sufficient information to admit or deny myriad elements of the allegations in Paragraph 33 of the Complaint, and on that basis denies those allegations.

34. The allegations set forth in Paragraph 4 of the Complaint contain a legal conclusion to which the Defendants are not required to respond.  Answering further, the Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 34 of the Complaint and on that basis denies those allegations.

35. In response to Paragraph 35 of the Complaint, the Defendants aver that the report referenced therein, which appears to be the Report of the 2015 U.S. Transgender Survey specifically named in Paragraph 36, speaks for itself.  In answering further, the State lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 35 of the Complaint.

36. In response to Paragraph 36 of the Complaint, the Defendants aver that the Report of the 2015 U.S. Transgender Survey speaks for itself.

37. In response to Paragraph 37 of the Complaint, the Defendants aver that the Report of the 2015 U.S. Transgender Survey speaks for itself.

38. In response to Paragraph 38 of the Complaint, the Defendants aver that the Report of the 2015 U.S. Transgender Survey speaks for itself.

39. The allegations set forth in Paragraph 39 of the Complaint are legal conclusions to which the Defendants are not required to respond. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

40. The allegations set forth in Paragraph 40 of the Complaint are legal conclusions to which the Defendants are not required to respond. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

41. In response to Paragraph 41 of the Complaint, the Defendants aver that W. Va. Code R. § 64-32-12.2.a.1 and W. Va Code § 16-5-3 speak for themselves.

42. In response to Paragraph 42 of the Complaint, the Defendants aver that W. Va. Code R. § 64-32-12 speaks for itself.

43. In response to Paragraph 42 of the Complaint, the Defendants aver that W. Va. Code R. § 64-32-12.2a.1 speaks for itself.

44. The Defendants deny the allegation contained in Paragraph 44 of the Complaint.

45. In response to Paragraph 45 of the Complaint, the Defendants aver that *In re G.M.*, 2020 WL 3408589 (W. Va. 2020), speaks for itself. Answering further, the Defendants state that, upon information and belief, there have been amendments to gender markers for transgender persons upon receipt of a court order directing same.

46. The Defendants deny the allegation contained in Paragraph 46 of the Complaint.

47. In response to Paragraph 47 of the Complaint, the Defendants aver that W. Va. Code R. § 64-32-12.8.a.2 and W. Va. Code R. § 64-32-12.8.a.3 speak for themselves. Answering further, the Defendants assert that these allegations contain legal conclusions to which the Defendants are not required to respond. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

48. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 48 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

49. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 49 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

50. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 50 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

51. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 51 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

52. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 52 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

53. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 53 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

54. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 54 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

55. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 55 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

56. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 56 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

57. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 57 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

58. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 58 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

59. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 59 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

60. In response to Paragraph 60 of the Complaint, the Defendants admit, upon information and belief, that the Circuit Court of Berkeley County issued an order dated January 16, 2018, granting Plaintiff Hersom's request for change of legal name.

61. In response to Paragraph 61 of the Complaint, the Defendants state, upon information and belief, that the Division of Vital Registration Office received the Circuit Court of Berkeley County's January 16, 2018, order and that some communications occurred between Division of Vital Records personnel and Plaintiff Hersom. Answering further, the Defendants lack sufficient information to admit or deny any remaining allegations in Paragraph 61 of Plaintiffs' Complaint and, on that basis, denies those allegations.

62. In response to Paragraph 62 of the Complaint, the Defendants state that the Vital Registration Office issued an amended birth certificate in accordance with the Circuit Court of Berkeley County's January 16, 2018, order, which presented the new name over the stricken-through original name. Answering further, the Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 62 of Plaintiffs' Complaint and, on that basis, denies those allegations.

63. In response to Paragraph 63 of the Complaint, the Defendants state, upon information and belief, that some communications occurred between Vital Registration Office

personnel and Plaintiff Hersom regarding change of the gender marker on the birth certificate. Answering further, the Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 62 of Plaintiffs' Complaint and, on that basis, denies those allegations.

64. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 64 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

65. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 65 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

66. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 66 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

67. In response to Paragraph 67 of the Complaint, the Defendants state that vital statistics documents are issued and amended in accordance with applicable state law. Answering further, the Defendants lack sufficient information to admit or deny the allegations in Paragraph 67 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

68. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 68 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

69. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 69 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

70. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 70 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

71. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 71 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

72. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 72 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

73. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 73 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

74. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 74 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

75. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 75 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

76. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 76 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

77. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 77 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

78. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 78 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

79. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 79 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

80. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 80 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

81. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 81 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

82. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 82 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

83. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 83 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

84. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 84 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

85. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 85 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

86. The Defendants lack sufficient information to admit or deny the allegations in Paragraph 86 of Plaintiffs' Complaint, including facts personal to the Plaintiffs, and on that basis denies those allegations.

### FIRST CAUSE OF ACTION
### Equal Protection Violation

87. In response to Paragraph 87 of the Complaint, the Defendants incorporate by reference and reaffirms its responses contained in Paragraphs 1 to 86 of its Answer as though fully set forth herein.

88. In response to Paragraph 88 of the Complaint, the State avers that the Fourteenth Amendment to the United States Constitution speaks for itself.

89. In response to Paragraph 89 of the Complaint, the Defendants aver that the Fourteenth Amendment to the United States Constitution speaks for itself. Answering further, the Defendants assert that the remaining allegations of Paragraph 89 set forth legal conclusions to which no response is required.

90. Paragraph 90 of the Complaint sets forth legal conclusions to which no response is required. Answering further, the Defendants lack sufficient information to admit or deny the myriad remaining allegations in Paragraph 90 and, on that basis, denies those allegations.

91. Paragraph 91 of the Complaint sets forth legal conclusions to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

92. In response to Paragraph 92 of the Complaint, the Defendants state that vital statistics documents are issued and amended in accordance with applicable state law. Answering further, Paragraph 92 of the Complaint sets forth legal conclusions to which no response is required. To the extent any remaining allegations are construed as factual in nature, the Defendants assert that it lacks sufficient information to admit or deny such allegations and, on that basis, denies those allegations.

93. Paragraph 93 of the Complaint sets forth legal conclusions to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

94. Paragraph 94 of the Complaint sets forth legal conclusions to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

95. Paragraph 95 of the Complaint sets forth legal conclusions to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

96. Paragraph 96 of the Complaint sets forth legal conclusions to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

97. Paragraph 97 of the Complaint sets forth legal conclusions to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

## SECOND CAUSE OF ACTION
### Due Process Violation

98. In response to Paragraph 98 of the Complaint, the Defendants incorporate by reference and reaffirms its responses contained in Paragraphs 1 to 97 of its Answer as though fully set forth herein.

99. In response to Paragraph 99 of the Complaint, the Defendants aver that the Fourteenth Amendment to the United States Constitution speaks for itself.

100. Paragraph 100 of the Complaint sets forth legal conclusions to which no response is required.

101. The Defendants lack sufficient information to admit or deny the myriad allegations in Paragraph 101 of Plaintiffs' Complaint and, on that basis, denies those allegations.

102. Paragraph 102 of the Complaint sets forth legal conclusions to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants assert that it lacks sufficient information to admit or deny such allegations and, on that basis, denies those allegations.

103. Paragraph 103 of the Complaint sets forth a legal conclusion to which no response is required. To the extent any of these allegations are construed as factual in nature,

the Defendants assert that it lacks sufficient information to admit or deny such allegations and, on that basis, denies those allegations.

104. Paragraph 104 of the Complaint sets forth a legal conclusion to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

105. Paragraph 105 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

## THIRD CAUSE OF ACTION
### First Amendment Violation

106. In response to Paragraph 106 of the Complaint, the Defendants incorporate by reference and reaffirms its responses contained in Paragraphs 1 to 105 of its Answer as though fully set forth herein.

107. In response to Paragraph 107 of the Complaint, the State avers that the First and Fourteenth Amendments to the United States Constitution speaks for itself.

108. In response to Paragraph 108 of the Complaint, the State avers that the First Amendment to the United States Constitution speaks for itself.

109. Paragraph 109 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

110. Paragraph 110 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

111. Paragraph 111 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

112. Paragraph 112 of the Complaint sets forth a legal conclusion to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

113. Paragraph 113 of the Complaint sets forth a legal conclusion to which no response is required. To the extent any of these allegations are construed as factual in nature, the Defendants deny them.

## PRAYER FOR RELIEF

The Defendants deny the allegations contained in (A) through (D) of the "WHEREFORE" clause of the Complaint in their entirety and denies that Plaintiffs are entitled to any relief of any kind from, or as against, the Defendants on the purported claims alleged in the Complaint and aver that Plaintiff has not suffered any damages.

Any allegation made by the Complaint that has not been expressly admitted within this Answer is denied. To the extent any section heading or subheading is not deemed to be purely for the purpose of organization and, instead, is deemed a factual allegation, all such headings and subheadings are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2. Plaintiffs are not entitled to attorneys' fees and/or costs under 42 U.S.C. § 1988.

3. Plaintiffs' Complaint fails to state any cause of action for which attorneys' fees or costs are recoverable.

4. The Defendants are entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law including but not limited to any and all affirmative defenses listed in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

5.      The Defendants reserve the right to identify additional affirmative defenses based upon information obtained during the discovery process.

WHEREFORE, the Defendants request that the allegations and claims in Plaintiffs' Complaint be dismissed with prejudice and that it recover all of its costs and expenses, including reasonable attorneys' fees expended in connection with the defense of this action, and that it have such other and further relief as justice may require.

### JURY DEMAND

The Defendants hereby demands trial by jury on all issues triable by jury.

**Respectfully submitted,**

**BILL J. CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; AYNE AMJAD, in her official capacity as Commissioner for the West Virginia Department of Health and Human Resources, Bureau of Public Health, and State Health Officer; and MATTHEW WICKERT, in his official capacity as the State Registrar for Vital Statistics**

By counsel,
PATRICK MORRISEY,
ATTORNEY GENERAL

/s/ Curtis R. A. Capehart
Steven R. Compton (WV Bar # 6562)
    *Deputy Attorney General*
Curtis R. A. Capehart (WV Bar # 9876)
    *Deputy Attorney General*

State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Email: Steven.R.Compton@wvago.gov
Email: Curtis.R.A.Capehart@wvago.gov
Telephone: (304) 558-2021
Facsimile: (304) 558-0140

*Counsel for Defendants, BILL J. CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; AYNE AMJAD, in her official capacity as Commissioner for the West Virginia Department of Health and Human Resources, Bureau of Public Health, and State Health Officer; and MATTHEW WICKERT, in his official capacity as the State Registrar for Vital Statistics*