IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| XAVIER HERSOM and JOHN DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>BILL J. CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; AYNE AMJAD, in her official capacity as Commissioner and State Health Officer for the Bureau of Public Health; and MATTHEW WICKERT, in his official capacity as the State Registrar for Vital Statistics,<br><br>*Defendants*. | Civil Action No. 2:21-cv-00450 |

## SETTLEMENT AGREEMENT

This is a SETTLEMENT AGREEMENT ("Agreement") by and between Plaintiffs' Xavier Hersom and John Doe (collectively, "Plaintiffs") and Bill J. Crouch, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; Ayne Amjad, in her official capacity as Commissioner and State Health Officer for the Bureau of Public Health; and Matthew Wickert, in his official capacity as the State Registrar for Vital Statistics (collectively, "Defendants"), (Plaintiffs and Defendants together, the "Parties").

## RECITALS

WHEREAS, it was the policies of the West Virginia Department of Health and Human Resources' ("DHHR") Vital Registration Office ("VRO") to (a) require transgender individuals seeking gender marker amendments on West Virginia birth certificates to submit a court order

directing the gender marker change and (b) amend birth certificates utilizing a strike-through method, leaving the amended information on the face of the amended birth certificate and legible.

WHEREAS, on June 18, 2020, the West Virginia Supreme Court of Appeals ruled West Virginia circuit courts do not have authority to amend the gender markers on vital records for transgender people, *In re G.M.*, 2020 WL 3408589 (2020).

WHEREAS after June 18, 2020, transgender people could not obtain an amended gender marker on their West Virginia birth certificate from VRO.

WHEREAS, when transgender applicants were able to obtain gender marker amendments prior to June 18, 2020, the strike-through amendment method revealed sensitive information about transgender applicants' transgender status (either their name given at birth after being legally changed or gender assigned at birth).

WHEREAS, Plaintiffs filed the above-captioned lawsuit (the "Lawsuit") on August 12, 2021, challenging VRO's denial of their applications for gender marker amendments on their West Virginia birth certificates based on their inability to obtain a court order directing the amendment and challenging VRO's strike-through amendment method, alleging violations of their rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment, Due Process Clause of the Fourteenth Amendment, and the First Amendment of the United States' Constitution, and seeking declaratory relief, injunctive relief, and reasonable attorneys' fees and costs.

WHEREAS, in May 2022, VRO implemented new policies for applicants seeking amendments on West Virginia birth certificates, including transgender applicants, that in part, removed the court order requirement for transgender applicants seeking gender marker amendments, and changed the amendment method, ceasing use of the strike-through amendment method as described and challenged in the Lawsuit.

2

NOW, THEREFORE, the Parties mutually agree as follows:

## AGREEMENT

I.     EFFECTIVE DATE: The Effective Date of this Agreement shall be the first date on which all Parties and their respective counsel have executed this Agreement as evidenced by the latest date on the signature page below.

II.     SETTLEMENT TERMS: The Parties have agreed to the following Settlement Terms:

    1. Absent an express change in West Virginia law requiring them to do so, Defendants agree to not reinstate their prior policies at issue in this lawsuit regarding gender marker amendments on West Virginia birth certificates for transgender individuals, or similar policies. Namely, Defendants will not require transgender individuals to obtain a court order directing a gender marker amendment or amend birth certificates utilizing the strike-through method, revealing sensitive information regarding an individual's transgender status.

    2. Upon Plaintiffs' counsel's submission of the requisite forms (Physicians' Affidavit for Gender Marker Correction, Affidavit to Correct West Virginia Birth Certificate, Application for Certified Copy of West Virginia Birth Certificate, and Court Ordered Name Change Order (where applicable)), on behalf of Plaintiffs, to Defendants' Counsel, VRO will issue Plaintiffs amended birth certificates with their correct legal name and gender marker within 30 (thirty) days, without a strike-through revealing their prior legal name or gender marker, and mail them to Plaintiffs. Plaintiffs' counsel will provide Defendants' counsel the appropriate mailing addresses for both Plaintiffs.

    3. Defendants agree to pay a settlement amount of $50,400.00 in full satisfaction of Plaintiffs' counsels' reasonable attorneys' fees, costs, and expenses associated with the above-captioned litigation, and reimbursement to Plaintiffs for the fees they expended in 2021 when they applied for gender marker corrections on their West Virginia birth certificates and were denied

under the previous policy. Defendants will issue the settlement amount payable to the American Civil Liberties Union Foundation and mail the check within 30 (thirty) days of the Effective Date of this Agreement to:

> c/o Meredith Taylor Brown, Esq.
> American Civil Liberties Union Foundation
> 125 Broad St.
> 18th Floor
> New York, NY 10004.

4. Plaintiffs will voluntarily dismiss their lawsuit within 10 (ten) business days of receipt of payment of the settlement amount.

III. OTHER PROVISIONS

1. <u>Governing Law:</u> The Parties stipulate that the law of the State of West Virginia will govern this Agreement.

2. <u>Representations:</u> Each party to this Agreement represents that the party has the full power and authority to enter into this Agreement and that there are no other persons whose consent to this Agreement or whose joinder to this Agreement is necessary to make the provisions of this Agreement fully effective.

1. <u>Independent Advice of Counsel:</u> Each Party represents and declares that in executing this Agreement, the Party has relied solely on the Party's own judgment, belief, and knowledge, and the advice and recommendations of its independently selected counsel, concerning the nature, extent, and duration of the Party's rights and claims, and that it has not been influenced to any extent whatsoever in executing the same by any representations or statements made by any other Party or by any person representing any other Party.

3. <u>Entire Agreement:</u> This Agreement constitutes the entire agreement between the Parties pertaining to the Plaintiffs' claims for reasonable attorneys' fees, costs, and expenses, and

4

fully superseded any and all prior understandings, representations, warranties, and agreements between the Parties pertaining to those subjects.

    4. <u>Amendment:</u> This Agreement may be amended only by a written agreement executed by the Parities in interest at the time of the amendment.

    5. <u>Severability:</u> If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or in part and for any reason, the remaining portions of this Agreement shall remain in full force and effect.

    6. <u>Counterparts:</u> This Agreement may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one and the same instrument.

    7. <u>Public Document:</u> The Parties recognize that this Agreement is a public document and may be subject to disclosure under the West Virginia Freedom of Information Act, W.Va. Code § 29B-1-1 et seq.

    IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the Effective Date by their duly authorized representatives:

**For Plaintiffs:**

By: *Meredith Taylor Brown*
    Meredith Taylor Brown, Esq.

Date: 09/08/2022


By: /s/ Loree Stark
    Loree Stark, Esq.

Date: 9/16/2022


By: *Xavier Hersom*
    Xavier Hersom

Date: 9/19/2022

5

By: ███████ (John Doe)

Date: 9/25/22

**For Defendants:**

By: *Bill J C___*
Bill J. Crouch, in his official capacity as
Cabinet Secretary of the West Virginia Department of Health and Human Resources

Date: 10/6/22

By: *Ayne Amjad*
Ayne Amjad, in her official capacity as
Commissioner and State Health Officer for the Bureau of Public Health

Date: 9/30/2022

By: *Matthew Wickert*
Matthew Wickert, in his official capacity as
State Registrar for Vital Statistics

Date: 9-30-2022

---

[1] Plaintiff John Doe moved to proceed anonymously in this litigation (ECF No. 2) and was granted permission to do so by the Court. ECF No. 28. Plaintiff John Doe is only named in this Agreement for the purpose of effectuating the Agreement. Any disclosure of the Agreement containing Plaintiff John Doe's legal name, by any party or their counsel, at any time, must redact Plaintiff John Doe's legal name. Additionally, prior to any disclosure, at any time, all parties and their counsel must ensure they are in compliance with the Court's March 28, 2022 order. *Id.*

6